[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 339 
The plaintiff in error was indicted for taking usury. The indebtedness arose upon a bond and mortgage; when the principal was due the debtor gave to Sumner an agreement in these words: "If I do not pay N. Sumner the $800 I owe him by December 5, 1857, I will give him sixteen dollars extra, John Burdick, November 30, 1857." A receipt for the money was endorsed on it. The plaintiff was convicted. Upon the trial, the judge submitted to the jury the question whether money had been taken. This, of course, involved the inquiry whether the written agreement was intended as a cover for usury, and the jury have found that it was. With that ruling and the finding we cannot interfere. There was evidence submitted to the jury in addition to the written agreement, from which the jury were to decide upon the intention of the parties, and the court rightfully refused to direct a verdict for the defendant. Whether the $16 was to be paid as a penalty for breach of a contract, or whether it was a cover for usury, could only be ascertained from the acts and admissions of parties. And the decision of the jury, if there were no errors in the instructions, would bind the parties. The judge was asked to charge the jury, that if the $16 was to be paid by Burdick on the happening of any contingency over which the said Burdick had control, it was not usury. This was refused. To constitute usury, there must be either a payment or an agreement by which *Page 340 
the party taking it is entitled to receive more than seven per cent. If the payment is conditional, and that condition is within the power of the debtor to perform, so that the creditor may by the debtor's act be deprived of any extra payment, it would not be usurious. This view was expressed by PAIGE, J., in Pomeroy
v. Ainsworth (22 Barb. 124), where he says: "If the gain to the lender beyond the legal rate of interest is made dependent on the will of the borrower, as where he may discharge himself from it by payment of the principal, it is not usury." And again: "If it was in the power of the party to discharge himself from the burden by repaying the amount of the advances, c., it might be objected to the charge of usury that there was no certain gain beyond legal interest." So it has been held that a bill payable in four instalments, with the interest added, and conditioned that the whole shall become due if default is made in one installment is not usurious, but a penalty. (Wells v.Girling, 5 Eng. Com. Law R. 733.) And if more than legal interest be reserved upon a contract for the loan of money, yet if it be a part of the agreement that the borrower may discharge himself from payment of any interest by repayment of the principal on a certain day, the case does not fall within the statute. (2 Hawk. P.C. b. 1, chap. 82; Floger v. Edwards,
Cowp. 113; Morripet v. King, 2 Burr, 891; see also Ord on Usury, p. 48.)
I think the judge erred in refusing to so instruct the jury, and that the judgment should be reversed therefor. It is said, in the opinion delivered at the general term: "It is clear that the contract, on its face, was not usurious, and we should presume that the court charged the jury that upon its face it was not usurious; because such a charge would be correct." I am at a loss to see upon what ground a court has a right to presume a judge charged correctly in the face of a refusal to charge what the law is conceded to be. On the contrary, where the judge refuses to charge *Page 341 
a plain proposition of law, the presumption is that he holds the law to be otherwise, and his refusal is based thereon.
The judgment should be reversed and the case remitted to the sessions for a new trial.