James W. Browne and Bridget Browne, Respondents, *v.* James B. Vredenburgh, Administrator of William R. Brinckerhoff, deceased, Appellant.

When a lender stipulates for a contingent benefit beyond the legal rate of interest and has the right in any event to demand the repayment of the principal sum with the legal interest thereon, the contract is in violation of the statute prohibiting usury, and is void.

A fact found by the court below upon conflicting evidence is not reviewable here.

In an action brought to have securities given to secure a usurious loan declared void, the offer of the plaintiffs in their complaint to pay the principal sum with lawful interest, must be accepted by the defendant, if at all, before judgment, and cannot be enforced by motion on the part of defendant, or after judgment has been entered against him in the action.

*Quere.* Whether even upon the offer, the court could have required compliance with it. Allen, J.

(Argued December 13, 1870; decided December 20, 1870.)

Appeal from the New York Superior Court.

This action was brought to obtain a reconveyance of a house and lot and a reassignment of certain letters patent, which had been conveyed to the defendant's intestate under an agreement by which said intestate loaned to the plaintiff the sum of $1,000, which the plaintiff was to repay with lawful interest, and in consideration of which loan the said intestate was also to have a certain interest in the profits of a business to be carried on by the plaintiff. There was also an agreement on the part of the defendant that he would protect the said house and lot during a period of five years from any proceedings which might be taken in the foreclosure of a mortgage thereon. The plaintiff at any time was entitled to

have a reconveyance of said house and lot upon payment on account of the contract of the sum of $500 and the equivalent of interest on that sum.

The plaintiffs in their complaint offered to pay the $1,000 with the lawful interest thereon.

The court below gave judgment directing a reconveyance of said house and lot and a reassignment to the plaintiff of the letters patent. After the judgment was rendered, the defendant moved for an order requiring plaintiff to carry out the offer contained in the complaint, to pay the $1,000 with interest, which motion was denied, and from such judgment and order of denial an appeal was taken to the General Term of the Superior Court of the city of New York, where such judgment and order were affirmed, and from such judgment of affirmance an appeal was taken to this court.

*George C. Barrett,* for the appellant, cited *Quirk* v. *Grant* (10 N. Y., Leg. Obs., 344); *Hall* v. *Daggett* (6 Cow., 653); 38 N. Y., 281; 2 Keyes, 41; 29 N. Y., 337; 2 Swanston, 142; id., 164; 7 Han., 368; 2 De Gex, F. & J., 206; 2 De Gex, & Sm., 428; 7 Hill, 391; 1 Paige, 344; 36 N. Y., 144; id., 319; 37 N. Y., 218; id., 444.

*Sidney S. Harris,* for the respondent, cited 7 Paige, 557; 3 B. & C., 273; 35 Barb., 44–47; 4 Edw., Ch. 279; 7 Cow., 290; 1 Johns., Ch. 517; 5 id., 122; 31 Barb., 364; 36 Barb., 585; 9 Cow., 647; 4 Denio, 104; 36 Barb., 649; 21 Wend., 103; 3 Bos. & Pull., 154; 35 Barb., 96–98; 1 Car. & P., 397; 2 Starkie, 237.

ALLEN, J. The agreement in pursuance of which the original defendant, now deceased, loaned to the firm (plaintiffs) $1,000, receiving as security for its repayment a conveyance of the house and lot on Bedford avenue, Brooklyn, and an assignment of certain letters patent, was, within well settled principles, usurious.

The defendant stipulated for the payment of interest upon the sum loaned at the legal rates, and for a contingent profit and advantage in excess of the sum allowed by law to be received or taken. The borrower agreed that the lender should receive quarterly one-fourth of the profits of the business of making and vending weather strips under the patent assigned and at the expiration of five years he should receive the principal sum loaned, and such sum in addition as with the one-fourth of the profits of the business would be equal to the interest, at the rate of seven per cent per annum; and if the share of the profits accorded to him should more than equal the legal interest on the money loaned, no interest in addition to the profits should be payable.

The right of the lender to the return of his principal with interest at seven per cent, was absolute, as was his option to take the one-fourth of the profits of the business in lieu of interest, if that should be more beneficial. Neither the principal or the interest were at the hazard of the business. It was only the excess of interest beyond the seven per cent allowed by law that was subject to any contingency, and when a lender stipulates for a contingent benefit beyond the legal rate of interest, and has the right to demand the repayment of the principal sum with the legal interest thereon, in any event, the contract is in violation of the statute prohibiting usury, and void. (Comyn on Usury, 117; *Cleveland* v. *Loder*, 7 Paige, 557; *Barnard* v. *Young*, 17 Ves., 44; *White* v. *Wright*, 3 B. & C., 273.)

The statute declares all securities and conveyances made or given upon a usurious contract, void; makes the receipt of a greater interest than is allowed by law, a misdemeanor; and relieves the borrower from paying or offering to pay any interest or principal as a condition of granting relief, upon filing a bill either for relief or discovery. By the same statute, the court is prohibited from requiring or compelling the payment or deposit of the principal sum or interest, or any portion thereof, as a condition of granting relief. (Laws of 1837, ch. 430.)

The securities for this usurious loan were void, and the plaintiffs were entitled to a reconveyance of the property. (Story Eq. Jur., §§ 699, 700; *Fanning* v. *Dunham*, 5 J. C. R., 122; *Cole* v. *Sage*, 10 Paige, 583; Laws of 1837, ch. 430, § 5.)

The contingent advantage secured to the defendant's intestate was not conditional. It was not optional with the plaintiffs by the repayment of the money or upon the happening of any event to deprive the intestate of a participation in the profits of the business, in addition to the lawful interest upon the money loaned, if the one-fourth should exceed such interest. If it be conceded that the one-half of the money loaned might have been repaid with interest at seven per cent, and a reconveyance of the house and lot demanded, which is doubtful under the peculiar phraseology of the agreement, the words "the equivalent of interest" being used instead of "with interest," the agreement is left intact as to the remaining $500, the intestate, retaining in virtue of that part of the loan his right to the one-fourth of the profits, would lose nothing, but rather gain by being repaid the one-half of the principal with legal interest thereon. He would secure at his option the entire one-fourth of the profits for the interest upon the one-half of the original loan. The transaction was single and the debt, one debt, contracted at the same time, and no part of it was valid in its inception, and separable from the rest.

In the cases cited by the counsel for the defendant, it was in the power of the borrower to relieve himself entirely from every part of the usurious interest. (*Spain* v. *Hamilton*, 1 Wall, 604; *Sumner* v. *The People*, 29 N. Y., 337.)

There is no connection between the provisional arrangement for the advance of money to pay off encumbrances upon the house and lot conveyed and the loan of $1,000. The advance was only to be made if required, and might not become necessary, and the intestate stipulated for interest upon any advances that might be made. The law permits no further or greater consideration for the loan and advance

of money. It does not appear that any other or different service was contemplated.

The negotiations for the loan were merged in the written agreement, and evidence in relation to them was properly excluded. They could not be received to explain, vary or contradict the written instrument.

The usurious compensation being reserved by the plaintiff, by the unequivocal terms of the contract, the parties could not be relieved from the legal consequences of the agreement by anything that transpired during the negotiations.

The court below, upon conflicting evidence, has found against the defendant upon the new contract set up in the answer, by way of defence, and the decision in that respect, is not reviewable here.

The defendant should have claimed the benefit of the offer of the plaintiff to repay the principal and legal interest at the trial, if he desired to avail himself of it, and asked the court to make a compliance with that offer, a condition of the relief granted. It appeared upon the record, and was before the court as a part of the case, and would have made a proper part of the judgment, if it could have been enforced at all. Not having claimed the benefit of the offer on the trial, it was waived, and could not be claimed by motion after judgment. The rights of the parties upon the matters appearing upon the record were settled by the judgment.

It is very questionable, whether even upon the offer, the court could, under the statute, have required compliance with it, and enforced its compliance.

In *Williams* v. *Fitzhugh* (37 N. Y., 444), several of the debts secured were valid in their inception, while others were tainted with usury, and all were included in the same security. The court held that the party coming into court, asking a surrender of the security, must do equity in respect to the debts valid in law, the statute only having prohibited a payment on account of the usurious debt as a condition of relief.

The defendant could, perhaps, have consented by offer under the Code, to the judgment demanded, and thus availed

himself of the offer in the complaint. But he did not, and disclaimed all benefits from it, took his chances upon a trial, and he certainly cannot now fall back upon a claim so clearly and persistently abandoned. The cases relied upon by the counsel, as authorizing a compulsory performance of a gratuitous offer, are not parallel to this.

The agreement here was illegal, and under no circumstances could the money have been recovered by the defendant.

In some of the cases, the agreement was void, and was canceled by the court, but the consideration money was recoverable at law, and the chancellor upon an offer in the complaint, made the payment of it a condition of the relief. (*Davis* v. *Duke of Marlborough*, 2 Swanston R., 142.) And in all there were some elements of equity which can hardly be predicated of an agreement void for usury.

But, without further considering the question, for the reason that it is not presented by the case, I am of opinion that no error was committed by the court below, and that the judgment should be affirmed with costs.

All the judges concurring in affirmance, judgment affirmed.