FRANCES MOORE, RESPONDENT, v. PETER V. BOGART AND SARAH ANN V. BOGART, APPELLANTS.

*Payment by a borrower to the agent of the lender, for services rendered to him by such agent, does not vitiate the loan.*

One Elmer had certain moneys of the plaintiff in his hands to be loaned on bond and mortgage. He also held certain bonds and mortgages given by the defendant to one Crane, payment of which was then being pressed. To enable defendant to make a payment upon the Crane mortgages, Elmer loaned him $500 of plaintiff's moneys, and took a bond and mortgage from him therefor. Elmer charged defendant fifteen dollars for his services and for drawing the bond and mortgage. Plaintiff never received any of this fifteen dollars, nor did she know it had been paid to Elmer. *Held,* that the loan was not usurious.

APPEAL from a judgment in favor of the plaintiff, entered upon the report of a referee.

*J. N. Dexter,* for the appellants.

*A. G. Allen,* for the respondent.

LEARNED, P. J.:

This is an action to foreclose a mortgage; the defence, usury. The facts are, that the plaintiff had put money in the hands of one Elmer, to loan on bond and mortgage, as her agent. Elmer had

previously had charge of certain bonds and mortgages executed by the defendant and belonging to one Crane or his estate. The defendant was behind hand with his interest, and the holder of these bonds and mortgages were pressing. An accounting was had between Elmer and the defendant upon these Crane mortgages. And, in order to make a payment upon these Crane mortgages, Elmer, as agent for the plaintiff, lent the defendant $500 of money of the plaintiff's in his hands; and took a bond and mortgage to the plaintiff from the defendant, which is the one in suit. Elmer drew this bond and mortgage, and charged the defendant fifteen dollars for his trouble. The plaintiff had no knowledge of this; and never received any part of the fifteen dollars, and had no agreement whatever with Elmer about the matter.

It is not urged on this appeal that this bond and mortgage is affected by any of the prior negotiations between Elmer and Bogart, as to the Crane mortgages. Whether there was or was not anything usurious as to those mortgages, the defendant seems to be satisfied (as he should be) with the finding of the referee, that any such transaction would not affect this mortgage. The plaintiff was, in no sense, a party to them, and could not be affected thereby.

But the defendant insists that the circumstances, that Elmer, the agent of the plaintiff, charged fifteen dollars for his trouble, made the loan usurious. As already stated, it is proved that the plaintiff knew nothing of this. The fact that Elmer, a banker, had previously taken care of money for her, and had made her no charge, is no evidence of any agreement that he should charge the borrowers. She states that he was a confidential friend, and the temporary custody of the money might be sufficient compensation for the care.

This case seems to us more favorable to the plaintiff than even that of *Condit* v. *Baldwin* (21 N. Y., 219). For, in that case, it was not claimed that the money paid by the borrower to the agent was for any actual services. There the agent desired to make the loan on bond and mortgage, because he could then charge for services. The borrower wished to give, and did give, a note; and paid the agent the same amount as he would have earned if he had prepared a bond and mortgage.

Now, in the present case, Elmer rendered services to the defend-ant which were necessary to be done, and which, on making a loan, the plaintiff could justly require the defendant to cause to be done at the defendant's expense. Elmer drew the bond and mortgage, and charged fifteen dollars for his trouble. There is no evidence that this was a large charge ; no evidence that it was a cover (if, under the circumstances, it could be a cover) for usury.

The defendant cites the case of *Bank of Salina* v. *Alvord* (31 N. Y., 473), as to which it should be noticed that it was not a case involving the question of usury, but of a restriction on certain banks forbidding a discount at more than six per cent. But, at any rate, the case has no application to the present. The discount was made at the bank by the cashier and teller.

In *Browne* v. *Vredenburgh* (43 N. Y., 197) the lender stipulated for the contingent benefit of a share in the profits of certain busi-ness, in addition to seven per cent interest. Nothing of that kind existed here. The plaintiff received, and was to receive, nothing beyond seven per cent.

The case of *Algur* v. *Gardner* (54 N. Y., 362) is urged by the defendant. An examination of that case shows that the court had charged the jury that the note was not usurious, although the agent made a separate agreement with the borrower to pay her for her benefit a certain sum, provided the principal had no knowledge of, and in no manner, sanctioned the agreement. The Commission of Appeals held that this was erroneous, because there was *not a particle of evidence* that the money thus paid by the borrower, and received by the agent, was on a separate con-tract for her individual benefit. And, again, the learned commis-sion repeat that there was no evidence going to show any separate arrangement between the borrower and the agent " as to the appli-cation of the extra ten dollars paid her, and it was obviously a part of the contract of loan." Now, in the present case, on the contrary, it is proved, and not contradicted, that the payment of the fifteen dollars was not a part of the contract of loan ; but that it was paid to compensate Elmer for his trouble ; and that he actually performed services for the defendant, for which he was entitled to compensation. It is proved, and not contradicted, that the plaintiff never had any benefit from this sum. While, in

the case of *Algur* v. *Gardner*, the court believed; and thought that, on a proper charge, the jury would believe that the *bonus* of ten dollars was, in fact, received for the benefit of the principal.

The case of *Bell* v. *Day* (32 N. Y., 165) holds the same doctrine with *Condit* v. *Baldwin.* And, in that case, the agent had rendered no services whatever to the borrower ; but only charged a *bonus* for effecting the loan.

We think the judgment should be affirmed, with costs.

Present — LEARNED, P. J., BOCKES and BOARDMAN, JJ.

Judgment affirmed, with costs.