ZUSSMAN v. WOODBRIDGE et al.   (two cases).

(Supreme Court, Appellate Term.   March 12, 1906.)

1. USURY—COERCION.
   An agreement for a loan is not tainted with usury because of the fact
   that after it was made, and the borrower had delivered his note and re-
   ceived part of the money, the lender refused to deliver the balance unless
   the borrower would make a certain purchase.
2. SALE—WHAT CONSTITUTES.
   Payment by plaintiff to furniture dealers of the price of furniture bought
   by defendants of such dealers, defendants to repay plaintiff in installments
   a greater amount, is not a sale but a loan.
   Giegerich, J., dissenting.

Appeal from Municipal Court, Borough of the Bronx, Second Dis-
trict.

Two actions by Moses Zussman against Louisa Woodbridge and
another.   From judgment for plaintiff, defendants appeal.   One judg-
ment affirmed, the other reversed.

Argued before SCOTT, P. J., and GEIGERICH and GREEN-
BAUM, JJ.

R. L. Pritchard, for appellants.
A. J. Herrick, for respondent.

GREENBAUM, J.   Appeals in two actions were heard simultane-
ously, the facts in the one being involved in that of the other.

The first action was brought on a promissory note given for an
alleged loan made by the plaintiff to the defendants.   We do not think
that the defendants' plea of usury with respect to the loan is satis-
factorily established.   There is no evidence whatever as to any agree-
ment for a usurious rate of interest, and, whatever coercive measures
may have been adopted by the plaintiff after the agreement to make
the loan and after the procuring of the note, they cannot be construed
as evidence of an agreement for a usurious rate of interest.   This
judgment must be affirmed.

The second action was brought to recover for furniture sold and
delivered.   It appears, however, from plaintiff's own testimony that
he never made a sale or delivery of any goods.   The transaction upon
which this action was based consisted of payment by the plaintiff on
behalf of defendant to some furniture dealers, in whose business plain-
tiff had no interest, of the cost of the furniture, bought by the de-
fendants, for which he seems to have charged the defendants a
sum considerably more than the amount which he paid the furniture
dealers.   Plaintiff exacted the additional charge because the defendants
were not expected to repay him in cash, but were to pay him for the
furniture in installments.   In other words, plaintiff treated defendants
as purchasers of the furniture on the installment plan, and upon that
theory justified the exaction of the payment of a larger sum than
that actually paid the dealers.   It is obvious, upon the plaintiff's own
showing, that this transaction was at most a loan, which he may be
entitled to recover in a proper action, as for moneys advanced, to
the extent of the amount actually paid, with lawful rate of interest.

This judgment must be reversed, but, inasmuch as both appeals were submitted as one, no costs will be allowed to either party upon this appeal.

SCOTT, P. J., concurs.

GIEGERICH, J. (dissenting.) I cannot concur with my associates in the conclusion reached by them with respect to the first cause of action.

One of the actions is upon a promissory note for $75, made by the defendant Louisa Woodbridge, and indorsed by her husband, Milton Woodbridge, the other defendant, bearing date May 5, 1905, and payable within one month, with interest at 6 per cent. per annum. When the note was signed, only the sum of $50 was paid by the plaintiff to the defendants; the balance having been paid two or three days thereafter. On May 6th the defendants purchased household furniture, the balance of the purchase price of which the plaintiff seeks to recover by another action. Both actions were tried together, and the appeals were heard together. The defendants claim that the plaintiff refused to pay the balance of $25 on the note unless they purchased the goods in suit, and that they accordingly purchased the same at a price far above their real value, and that the plaintiff greatly profited by the transaction. The plaintiff denied that he coerced the defendants into buying the furniture; he claiming that they purchased the same voluntarily, and that the transaction was an accommodation to the defendants, who were unable to pay for the furniture, and who were to repay plaintiff in monthly installments of not less that $15. The plaintiff was not corroborated by any witness upon this point, except by his daughter, from whose testimony it appears that she heard Mrs. Woodbridge ask her father whether he sold furniture, and that he said it was not in his line, but to go to a certain house, and pick out some furniture, and that he would "take it on his account for cash." The defendants, on the other hand, were corroborated by the witness Leonard B. Quinn, who testified to being present on August 5th last at an interview between the plaintiff and the defendant Milton Woodbridge, in the course of which the latter requested the plaintiff to accept on account of the note $25, which sum he produced, and to make out a new note for the balance, and that the plaintiff refused to accept the same; he saying:

"That he [Woodbridge] should first buy something. Woodbridge says: 'I don't want to buy anything; I don't need anything; I want to clear off this debt.' He said: 'No; you must buy something, and then we will make out a fresh note.' 'What is the object of my buying all the time.' Woodbridge said, or something to that effect, and he said the law only allowed him 6 per cent. interest, and that was not enough, and it was on his sales he made his profit."

The defendants also called one Daniel Higgins, a furniture dealer, who testified that the market value of the furniture in suit when new was $32 at wholesale, and $45 at retail, while on the installment plan it was worth from $65 to $75.

The testimony of these witnesses completely supports the contention of the defendants that the purchase of the furniture was a mere cover

for the exacting of an unlawful rate of interest on the note, and it is evident that, had it been given the weight it deserved, the finding of the justice must have been in favor of the defendants so far as the issue of fact was concerned. This finding in favor of the plaintiff upon the action on the note is therefore against the weight of evidence.

My associates, however, have decided that, though coercive measures may have been adopted by the plaintiff to compel the defendants to purchase goods after the procuring of the note, they cannot be construed as evidence of an agreement for a usurious rate of interest. If this means that such measures were subsequent to the original agreement in the sense that they could not reach back and taint it with usury, I differ on the construction of the facts. There was only a single transaction. The loan and the requirement that furniture be purchased were, in effect, contemporaneous. Indeed, the first installment on the purchase was paid out of the last installment of the loan. Many a device more cleverly contrived than this, and more substantial in appearance, has been swept aside by the courts as a cover for usury. If, on the other hand, the affirmance is intended to be based on the proposition that an unlawful rate of interest is essential to usury, I differ on the law. The excess above the legal interest need not be in the form of a rate of interest, or even in the form of money. The statute defining usury prohibits the taking of "any greater amount or greater value" than the legal rate. 1 Rev. St. p. 772 (1st Ed.), pt. 2, § 5. Even though the additional benefit is contingent, it constitutes usury none the less. Browne v. Vredenburgh, 43 N. Y. 195, and authorities cited.

I am also in favor of a reversal of the second judgment, but on different grounds from those adopted by my associates. As no claim was made, either on the trial or on the appeal, that the recovery did not follow the pleadings and the proofs, it does not seem to me a reversal ought to be based on the ground of such departure. Indeed, the answer of the defendant Milton Woodbridge admits the purchase, while the answer of his wife is a general denial, apparently on the theory that she had no part in that transaction. But, as the judgment embraces a usurious profit, it should be reversed, and on a new trial the amount of such profit should be deducted.

If the plaintiff will stipulate that the judgment be reduced by $6.40, which is the amount he admitted was his profit on the sale, according to the testimony of the defendant Milton Woodbridge, I would favor an affirmance of the judgment as so modified.

