GEORGE H. DIEHL, JR., Appellant, *v.* AMALIE MATHILDE BECKER, as Executrix, etc., of ERNEST GUSTAV HOFFMANN, Deceased, Defendant, Impleaded with ALFRED W. KIDDLE, as Executor, etc., of ERNEST GUSTAV HOFFMANN, Deceased, Respondent.

First Department, May 4, 1917.

Loan — usury — agreement which makes payment of usury optional with borrower — agreement to give bonus in addition to legal interest on sale of patent rights.

A loan is not usurious where it leaves the question of payment of a sum in excess of legal interest optional with the borrower upon a condition which it is within his power not to perform.

Thus, an agreement by a borrower of a certain sum of money to pay legal interest thereon until the debt is paid, with an agreement to pay an additional bonus of $1,250 if he is able to sell or license certain patent rights within six months, or to pay a bonus of $2,500 if he should sell or license the patent rights at any time after six months, is not usurious, for the borrower does not bind himself to make the sale or give the license and hence it is optional with him whether he will pay usury.

SMITH and PAGE, JJ., dissented, with opinions.

APPEAL by the plaintiff, George H. Diehl, Jr., from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 3d day of October, 1916, granting respondent's motion for judgment on the pleadings consisting of a complaint and answer, and also from the judgment entered in said clerk's office on the 19th day of October, 1916, pursuant to said order.

*John Kenneth Byard*, for the appellant.

*Albert Handy*, for the respondent.

SCOTT, J.:

The action is brought to recover a loan of $5,000 made by plaintiff to Ernest Gustav Hoffmann, now deceased, whose executor, the respondent, has interposed an answer to the complaint and thereupon moved for judgment on the pleadings. The complaint sets forth at length the agreement under which this loan was made, and the contention of the respondent is that this document shows upon its face that the loan was usurious. The paper read as follows:

"MR. GEORGE H. DIEHL, JR.,

"New York City:

"MY DEAR SIR.—If you will loan me the sum of Five thousand Dollars ($5,000) I will secure to you the payment of that amount out of the net proceeds realized by me from the sale or other disposition of the following inventions of mine or from the granting of any rights or licenses thereunder or under any Letters Patent of the United States that may be granted therefor, viz:

"Application for U. S. Letters Patent, Ser. No. 379,683, filed June 19, 1907, Universal Joints. Application for U. S. Letters Patent, Ser. No. 394,602, filed September 26, 1907, Motor Vehicles.

"Application for U. S. Letters Patent, Ser. No. 405,686, filed December 9, 1907, Transmission. Gearing for Automobiles.

"I also agree that if any such sale or license be made within six months from the date hereof to pay to you out of the net proceeds derived therefrom as and when received by me the said sum of $5,000 with interest thereon up to the time of payment at the rate of 6% per annum together with the further sum of $1,250, provided the whole of said sums are thus paid within such period of six months.

"I also agree that if any such sale or license be made at any time after six months from the date hereof, to pay to you out of the net proceeds derived therefrom as and when received by me, the said sum of $5,000 with interest thereon up to the time of payment, at the rate of 6% per annum together with the further sum of $2,500.

"Of course it is to be understood between us that I retain the sole right for the term of five years from the date hereof to sell the above inventions and applications and any Letters Patent of

the United States that may be granted therefor or to grant rights or licenses under the above mentioned applications or under any Letters Patent of the United States that may be granted therefor on such terms as I see fit notwithstanding this letter, but I hereby agree to notify you when I shall have made any such sale or license.

" I, however, agree that if I make any sale of the above mentioned inventions or Letters Patent therefor, instead of granting any rights or licenses thereunder, that I will not sell the same for less than the sum of $10,000. On the other hand if I grant any rights or licenses under the above mentioned inventions or under any Letters Patent therefor then the net amount of royalties which I may receive therefrom shall be paid over by me to you from time to time until the whole of the above mentioned sums have been fully paid to you.

" It is also understood that I am to pay to you semi-annually the interest at 6% per annum on the above mentioned sum of $5,000 until said sum is fully paid; and of course I have the right to pay off the whole or any part of said sum of $5,000 with the accrued interest at any time after the date hereof, but if I do so you will nevertheless be entitled to receive the sum of $1,250 or the sum of $2,500 in addition depending upon whether I make any sale or other disposition of the above inventions or of any Letters Patent therefor within six months from the date hereof or after that period as above set forth.

"Yours very truly,

"E. G. HOFFMANN."

We are of the opinion that the document in question does not evidence a usurious agreement because it leaves the question of payment of a sum in excess of legal interest optional with the borrower upon a condition which it was within his power not to perform. (*Sumner* v. *People*, 29 N. Y. 337.) As was said in that case: " To constitute usury there must be either a payment or an agreement by which the party taking it is entitled to receive more than seven per cent. If the payment is conditional, and that condition is within the power of the debtor to perform, so that the creditor may by the debtor's act be deprived of any extra payment, it would not be

usurious." This rule has been recognized in many cases, and is well established. The only doubt that arises in any case, as it has arisen in this, is whether the rule is applicable to the facts.

In the case cited the agreement was such that the borrower by fulfilling the conditions relieves himself from the payment of the usurious interest. The present case presents the converse of that. The borrower does not agree to pay more than legal interest unless he shall make a sale of or issue a license under the patents referred to. He did not agree to do either, and was under no obligation to do so. Neither could the lender compel him to make such a sale or license. So that the question whether or not any sum, beyond legal interest should be paid was dependent entirely upon the will of the borrower, and unless he elected to make a sale or license, such payment could not be enforced by the lender. This as it seems to us, brings the case squarely within the rule above cited.

That the borrower undertook to repay the loan in any event seems to be clearly indicated by the language of the document referred to. He characterizes the transaction as a loan, agrees to pay lawful interest on it semi-annually, and reserves the right to pay it off at any time. It is only the payment of the bonus that is made conditional upon a sale or license. Of course it is probable that when the money was borrowed the borrower expected, and even hoped, to make a sale or a license. But that, even if true, is not the determinative factor in the case. The point is that he reserved to himself entire liberty of action, might sell or license or not as he saw fit, and could not be compelled to do either. It rested solely with him and not with the lender to fulfill or refuse to fulfill the condition upon which the bonus was to be paid.

The judgment and order appealed from must be reversed, with costs, and motion denied, with ten dollars costs.

CLARKE, P. J., and DAVIS, J., concurred; SMITH and PAGE, JJ., dissented.

SMITH, J. (dissenting):

As I read the contract the prevailing opinion ignores the right of the lender to foreclose the lien given to him upon the

patents as security for the amounts payable. This right is emphasized by that provision of the contract which retains in the borrower the sole right for five years to sell or grant licenses under the patents. Without this provision, except for the illegality of the contract, the lender might after a reasonable time have foreclosed his lien and sold the patents thereunder. This he may now do, as the five years have expired. I do not agree, therefore, with the prevailing opinion that it was optional with the borrower whether he would sell and pay the bonus. There breathes through the whole contract the manifest intention that the lender was to have the right to have returned the principal and interest, and in addition the bonus of $1,250 or $2,500, dependent upon the date of sale. That sale could within five years have been made by the borrower, or after that time by the lender through a foreclosure of his lien. If this be the true interpretation of the contract the lender cannot purge it of its illegality by bringing an action only for the principal and legal interest.

I recommend affirmance.

PAGE, J. (dissenting):

I cannot concur in the construction of the agreement of the parties that the additional benefit to accrue to the lender pursuant to the contract was not one which must necessarily accrue to him in any event, but was contingent upon the will of the borrower, and hence the contract was not usurious. (Sumner v. People, 29 N. Y. 337.) An examination of the letter quoted in full in the prevailing opinion clearly shows that at no time could the borrower repay the obligation pursuant to its terms without also paying in addition to the legal rate of interest either a bonus of $1,250 or a bonus of $2,500, depending upon whether the payment was made within six months or thereafter, and, therefore, though the borrower had some discretion as to which bonus he should be compelled to pay, he was compelled to pay a bonus of some amount in any event. The agreement is, therefore, clearly usurious, and the motion for judgment on the pleadings was properly granted.

Judgment and order reversed, with costs, and motion denied, with ten dollars costs.