GEORGE H. DIEHL, JR., Respondent, v. AMALIE MATHILDE
BECKER, as Executrix, etc., of ERNEST GUSTAV HOFFMANN,
Deceased, Defendant, Impleaded with WILLIAM D. SPOR-
BORG, as Administrator with the Will Annexed of the
Estate of ERNEST GUSTAV HOFFMANN, Deceased, Appellant.

First Department, January 24, 1919.

**Decedent's estate — court should follow determination of Appellate
Division on new trial — limitation of actions — when claim
against estate was properly exhibited to executor.**

When the Appellate Division on granting a new trial determines that a loan
of money was not usurious the determination should be followed by the
court below on a new trial.

Where in an action to recover moneys loaned to a decedent during his life-
time it is shown that his executor regularly advertised for the presentation
of claims against the estate, and the plaintiff, although he did not present
a formal verified proof of claim, did present statements showing that his
claim was for money loaned, with interest, and thereafter a consultation
was had, at which the plaintiff and an attorney and the executor and his
attorney were present and at which plaintiff exhibited his original contract
with the decedent and an agreement of compromise was made subject to
the approval of the surrogate and said claim was thereafter rejected when
the surrogate refused to allow the compromise, the claim was sufficiently
exhibited to the executor and an action thereon is barred by the expiration
of the six months' Statute of Limitation.

APPEAL by the defendant, William D. Sporborg, as adminis-
trator with the will annexed, from a judgment of the Supreme
Court in favor of the plaintiff, entered in the office of the clerk
of the county of New York on the 24th day of May, 1918,
upon the verdict of a jury rendered by direction of the court,
and also from an order entered in said clerk's office on the
28th day of May, 1918, denying appellant's motion for a new
trial made upon the minutes.

*William D. Sporborg* of counsel [*Thomas F. J. Connolly,*
attorney], for the appellant.

*John Kenneth Byard,* for the respondent.

PAGE, J.:

The action was brought to recover a loan of $5,000 made
by plaintiff to Ernest Gustav Hoffmann, now deceased. The

appellant is the administrator with the will annexed of the estate of said Hoffmann. A motion was made by the defendant for judgment on the pleadings, consisting of the complaint and answer. From the order granting the motion an appeal was taken to this court, and we, by a divided court, reversed the order (178 App. Div. 12) upon the ground that the agreement for the loan of the money was not usurious. The case has now been tried, and the plaintiff has recovered judgment. The answer set up two defenses: *First,* that the agreement was usurious and void; *second,* that the claim was barred by the short limitation prescribed in section 1822 of the Code of Civil Procedure, as the same then existed (prior to amendment by chapter 443 of the Laws of 1914).* The trial justice properly held that the first defense had been disposed of by this court. Both sides having moved for the direction of a verdict, the facts being undisputed, he directed a verdict for the plaintiff on the ground that there had not been " an exhibition " of the claim to the executor, within the meaning of section 1822, and hence the claim was not barred within the authority of *Ulster County Savings Inst.* v. *Young* (161 N. Y. 23). That case is, however, clearly distinguishable from the instant case. In that case there was an alleged oral rejection of an informal oral demand made by some one purporting to represent the claimant. In this case proof was adduced which showed that the executor regularly advertised for the presentation of claims against the estate. While positive proof was not presented that a formal verified proof of claim had been filed by the plaintiff, it was shown that he presented statements showing that his claim was for money loaned with interest thereon, and that thereafter a consultation was had at which the plaintiff and an attorney, the executor and his attorney were present, at which the plaintiff exhibited his original contract with Hoffmann. As a result of this discussion an agreement was reached to compromise the claim by the payment of the principal without

---

* See Laws of 1895, chap. 595, amdg. Code Civ. Proc. § 1822; Code Civ. Proc. § 2681, added by Laws of 1914, chap. 443, as amd. by Laws of 1915, chap. 644.— [REP.

interest, provided that the surrogate approved. Papers were prepared and presented to the surrogate by the attorney for the executor, but the surrogate refused to allow the compromise on the ground that the transaction was usurious. Then a written notice was sent to the plaintiff, entitled in the Surrogate's Court, Westchester county, in *Matter of the Estate of Ernest Gustav Hoffmann*, and stating: " Please to take notice: That the claim filed by you with the executors, against the estate of Ernest Gustav Hoffmann, deceased, for Five thousand dollars and accrued interest, is hereby rejected for the reason that the Surrogate of Westchester County has expressed doubts as to the validity of the same, and has refused to approve a proposed compromise thereof."

In our opinion the facts proved showed a rejection of a claim against the estate which had been sufficiently exhibited to the executor to make it incumbent on the claimant to commence an action for the recovery thereof within six months after the rejection. " Proceedings under the statute to determine claims against the estate of a decedent are informal. There are no pleadings in the ordinary acceptation of the term. It is not required that the claim presented shall be stated with legal precision. It is sufficient if the transaction out of which the claim arises is identified and its general character indicated, without technical formality, and the amount of the claim is stated." (*Titus* v. *Poole*, 145 N. Y. 414, 421.) The claim was rejected in July, 1914. This action was not commenced until April 20, 1916. The action was, therefore, barred and judgment should have been directed for the defendant. This requires a reversal of the judgment and order, with costs, to appellant, and granting judgment for the defendant, with costs of the action.

CLARKE, P. J., LAUGHLIN, SHEARN and MERRELL, JJ., concurred.

Judgment reversed, with costs, and complaint dismissed, with costs.