GEORGE H. DIEHL, JR., Appellant, v. AMALIE M. BECKER, as Executrix of ERNEST G. HOFFMANN, Deceased, and WILLIAM D. SPORBORG, as Administrator with the Will Annexed of the Estate of ERNEST G. HOFFMANN, Deceased, Respondents.

**Decedent's estate — short Statute of Limitations — what must be done to set such statute in operation — usury — when agreement to repay loan with a specified bonus dependent upon varying conditions of sale of patented invention is usurious.**

1. To set in operation the short Statute of Limitations (Code Civ. Pro. § 1822) two things are necessary: *First*, the claim must be exhibited to the executor. " Exhibited " as here used means a presen-

tation of the claim to the executor in writing and a demand for its payment. *Second,* notice of rejection must be served upon the claimant. The demand must be clear and decisive. A general conversation from which contrary inferences may be drawn as to whether a demand for immediate payment was or was not intended, or as to whether the executor should have understood that such a demand was made, is not enough.

2. Even if a letter properly directed and stamped is properly mailed, the presumption of its receipt is one of fact based upon the circumstances of the particular case. Where there was no proof of a proper address or of proper stamps, the trial court was justified in finding that it was never received.

3. Where the debtor may under the terms of a contract relieve himself of all further liability by payment of the principal and interest of a loan, there is no question of usury involved even though on certain contingencies a greater amount would become due. (*Sumner* v. *People,* 29 N. Y. 337; followed.)

4. On examination of the terms of an agreement for a loan which was to be repaid with certain sums as a bonus dependent upon varying conditions relative to the sale or license by the borrower of certain patented inventions, *held,* that the agreement was such that the borrower could not by its terms be relieved of the payment of a greater sum than the principal and interest at the legal rate and, therefore, the loan was usurious.

*Diehl* v. *Becker,* 186 App. Div. 16, affirmed.

(Argued October 22, 1919; decided December 2, 1919.)

Appeal from a judgment entered February 3, 1919, upon an order of the Appellate Division of the Supreme Court in the first judicial department, reversing a judgment in favor of plaintiff entered upon a verdict directed by the court and directing a dismissal of the complaint.

The complaint alleged that on March 19th, 1908, the plaintiff loaned to one Hoffmann the sum of $5,000 upon the terms and conditions of the following letter:

"*March 19th,* 1908.

" Mr. George H. Diehl, Jr.,

" New York City.:

" My dear Sir.:— If you will loan me the sum of Five thousand Dollars ($5,000) I will secure to you the payment of that amount out of the net proceeds realized

by me from the sale or other disposition of the following inventions of mine or from the granting of any rights or licenses thereunder or under any Letters Patent of the United States that may be granted therefor, viz:" [Describing certain letters patent.] " I also agree that if any such sale or license be made within six months from the date hereof to pay to you out of the net proceeds derived therefrom as and when received by me the said sum of $5,000 with interest thereon up to the time of payment at the rate of 6% per annum together with the further sum of $1,250 provided the whole of said sums are thus paid within such period of six months.

"I also agree that if any such sale or license be made at any time after six months from the date hereof, to pay to you out of the net proceeds derived therefrom as and when received by me, the said sum of $5,000 with interest thereon up to the time of payment, at the rate of 6% per annum together with the further sum of $2,500.

"Of course it is to be understood between us that I retain the sole right for the term of five years from the date hereof to sell the above inventions and applications and any Letters Patent of the United States that may be granted therefor or to grant rights or licenses under the above mentioned applications or under any Letters Patent of the United States that may be granted therefor on such terms as I see fit notwithstanding this letter, but I hereby agree to notify you when I shall have made any such sale or license.

" I, however, agree that if I make any sale of the above mentioned inventions or Letters Patent therefor, instead of granting any rights or licenses thereunder, that I will not sell the same for less than the sum of $10,000. On the other hand if I grant any rights or licenses under the above mentioned inventions or under any Letters Patent therefor, then the net amount of royalties which I may receive therefrom shall be paid over by me to you from

time to time until the whole of the above mentioned sums have been fully paid to you.

"It is also understood that I am to pay to you semi-annually the interest at 6% per annum on the above mentioned sum of $5,000 until said sum is fully paid; and of course I have the right to pay off the whole or any part of said sum of $5,000 with the accrued interest, at any time after the date hereof, but if I do so you will, nevertheless, be entitled to receive the sum of $1,250, or the sum of $2,500, in addition, depending upon whether I make any sale or other disposition of the above inventions or of any Letters Patent therefor within six months from the date hereof or after that period as above set forth.

"Yours very truly,<br>
"E. G. HOFFMANN."

*John Kenneth Byard* for appellant. It is well settled that to constitute usury there must be a binding obligation on the borrower to pay more than the legal rate. If payment of the excess is within the will of the borrower or if the contingency upon which such excess payment depends is subject to the exclusive control of the borrower so that he has power to determine independently of the lender whether or not the excess payment shall be made, there is no usury. (*Sumner* v. *People*, 29 N. Y. 337; *Richardson* v. *Hughitt*, 76 N. Y. 55; *Home Ins. Co.* v. *Dunham*, 33 Hun, 415; *Kilpatrick* v. *Germania Life Ins. Co.*, 95 App. Div. 287; 183 N. Y. 163; *Lord* v. *Cronin*, 9 App. Div. 9; *Bank of Chenango* v. *Curtiss*, 19 Johns. 326; *Spain* v. *Hamilton*, 1 Wall. 604; *Ramsey* v. *Morrison*, 39 N. J. L. 591; *Blake* v. *Yount*, 42 Wash. 201; *Cissna Loan Co.* v. *Gawley*, 87 Wash. 438; *Cutler* v. *Howe*, 8 Mass. 257; *Chaffe* v. *Landers*, 46 Ark. 364; *Billingsley* v. *Dean*, 11 Ind. 331.) The six-year Statute of Limitations does not apply. The transaction was a

loan payable on demand after five years from the date thereof. (*Wright* v. *Reusens*, 133 N. Y. 298; Elliot on Cont. § 1521; *Russell* v. *Allerton*, 108 N. Y. 288; *Simon* v. *Etgen*, 213 N. Y. 589; *Gillet* v. *Bank of America*, 160 N. Y. 549; *Staten Island Shipbuilding Co.* v. *Spearin*, 149 App. Div. 854; *Marshall* v. *Com. Travelers' Mut. Acc. Assn.*, 170 N. Y. 434; *Moran* v. *Standard Oil Co.*, 211 N. Y. 187.) The short Statute of Limitations is not applicable. Appellant's claim was never presented to the executors of the estate of Ernest Gustav Hoffmann, and, therefore, respondent's attempted rejection thereof was necessarily inoperative and wholly nugatory. (*Ulster Co. Savings Inst.* v. *Young*, 161 N. Y. 23.) Assuming, but not conceding, that there was a legal presentation of appellant's claim, respondent has failed to show that the same was rejected as required by law. (*Rathbun* v. *Acker*, 18 Barb. 393; *People* v. *L., etc., R. R. Co.*, 13 Hun, 211; *Peabody* v. *Satterlee*, 166 N. Y. 174; *Herter* v. *Mullen*, 52 App. Div. 325, 329; *Matter of Boland* v. *Sokolski*, 56 Misc. Rep. 333.)

*Thomas F. J. Connolly* and *William D. Sporborg* for respondents. The agreement is tainted with usury and is void. (39 Cyc. 951; Webb on Usury, § 24; *Brown* v. *Brinkerhoff*, 13 Alb. L. J. 16; *Browne* v. *Vredenburgh*, 43 N. Y. 195; *Scott* v. *Fabacher*, 176 Fed. Rep. 229; *Tyng* v. *C. W. Co.*, 58 N. Y. 308; *Leavitt* v. *De Launy*, 4. N. Y. 363; *Hungerford B. & C. Co.* v. *Brigham*, 47 Misc. Rep. 240; *Arnold* v. *Angel*, 62 N. Y. 508; *Gilbert* v. *Warren*, 19 App. Div. 403 ; *Simon* v. *Etgen*, 213 N. Y. 589; *Simon* v. *Burgess*, 146 App. Div. 37; *Beatty* v. *Bacon*, 187 App. Div. 447.) The plaintiff's claim is barred by the six-year Statute of Limitations. (*Wallach* v. *Dryfoos*, 140 App. Div. 438; *Canet* v. *Smith*, 173 App. Div. 241; *Featherstone* v. *Fowler*, 174 App. Div. 452; *Varney* v. *Ditmars*, 217 N. Y. 223; *Watson* v. *Gugino*, 204 N. Y. 532; *Jones* v. *Kent*, 80 N. Y. 585; *Beatty* v.

*Bacon,* 187 App. Div. 447.) This claim is barred by the short Statute of Limitations set forth in section 1822 of the Code of Civil Procedure as it existed at the time when the plaintiff's claim was rejected. (*Ulster Co. S. Instn.* v. *Young,* 161 N. Y. 23; *Titus* v. *Poole,* 145 N. Y. 414.)

ANDREWS, J. This action is brought to recover for a loan of $5,000 made by the plaintiff to one Hoffmann. The defense is usury, the six years' Statute of Limitations and the six months' Statute of Limitations.

The loan was made, as the complaint alleges, upon the terms and conditions set forth in a letter written by Hoffmann to the plaintiff. At the close of the trial both sides moved for the direction of a verdict. It was directed for the plaintiff. Upon appeal, the Appellate Division reversed the judgment and dismissed the complaint, not on the facts but as a question of law on the ground that the action was barred by the six months' Statute of Limitations.

In this it erred. The trial court is presumed to have found all questions of fact raised by the evidence in favor of the plaintiff. To set in operation the short Statute of Limitations two things are necessary: *First,* the claim must be exhibited to the executor. "Exhibited" as here used means a presentation of the claim to the executor in writing and a demand for its payment. (*Ulster County Savings Institution* v. *Young,* 161 N. Y. 23.) *Second,* notice of rejection must be served upon the claimant.

We do not hold that where a note, signed by the deceased, is presented to the executor, and a demand made for its payment, anything more is essential. But the demand must be clear and decisive. A general conversation from which contrary inferences may be drawn as to whether a demand for immediate payment was or was not intended, or as to whether the executor

should have understood that such a demand was made, is not enough.

Such the court might have found, and so is deemed to have found, was the situation here. The executor had advertised for claims. A conference was had between the claimant and the executor. Apparently the contract was produced. Its payment was discussed. A compromise, subject to the approval of the surrogate, was arranged. On his refusal, a notice was prepared stating that the claim filed with the executors was rejected. As a matter of law we cannot say these facts show such a presentation as the statute requires.

The notice of rejection was addressed to the plaintiff and mailed to him at 127 Duane street, New York. The statute contemplates the service of such notice upon the claimant. If he receives it, probably it is not material how it reaches him. (*Sweeney* v. *City of New York*, 225 N. Y. 271.) But there must be some proof that it has been actually received. Even if a letter properly directed and stamped is properly mailed, the presumption of its receipt is one of fact based upon the circumstances of the particular case. (*Gates* v. *State of N. Y.*, 128 N. Y. 221.) Here there is no proof of a proper address or of proper stamps. The trial court was at least justified in finding that it was never received.

Under the contract repayment of the loan could not be demanded within five years. Therefore, the six-year Statute of Limitations is not applicable.

The more serious question is that of usury.

" No person  *  *  *  shall, directly or indirectly, take or receive in money, goods or things in action, or in any other way, any greater sum or greater value, for the loan or forbearance of any money, goods or things in action, than " six per cent per annum. (General Business Law [Cons. Laws, ch. 20], § 371.)

In the lower courts there has been great diversity of opinion as to the proper interpretation of the contract.

The majority of the Appellate Division, however, has held that by its terms Hoffmann might relieve himself of all further liability by payment of the principal and interest of the loan. If so, there is no question of usury involved even though on certain contingencies a greater amount would become due. (*Sumner* v. *People*, 29 N. Y. 337.)

We do not so understand the contract. Under it, three courses of action were open to Hoffmann.

1. He might make a sale or license of his patents before he repaid the loan. In that case a bonus beyond principal and legal interest would be due.

2. He might at any time repay the loan with interest. But in that case the plaintiff would still be " entitled to receive the sum of $1,250 or the sum of $2,500 in addition, depending upon whether I make any sale or other disposition of the above inventions or of any letters patent therefor within six months from the date hereof, or after that period as above set forth." This agreement may be variously interpreted. It may mean that the borrower retains the option to sell his inventions or not at any time and only in case he does sell is the bonus due. Or that he shall sell within a reasonable time after the expiration of the five-year period and if he fails to do so, he must pay the bonus. Or that a lien is created upon the inventions, for principal, interest and bonus, and if the latter is not paid within five years, the lien may be foreclosed. The first is the most favorable interpretation for the appellant and may be adopted for the purposes of this discussion.

In *Sumner* v. *People* (29 N. Y. 337, 340) Burdick agreed on November 30, 1857, that if he did not pay Sumner $800 which he owed him by December 5th, he would give him $16 extra. This court held that under these circumstances the jury should have been told that if the $16 were to be paid upon a contingency over which Burdick had any control it was not usury. Where a

payment is " conditional, and that condition is within the power of the debtor to perform, so that the creditor may by the debtor's act be deprived of any extra payment, it would not be usurious." If Burdick fulfilled the condition, he relieved himself of all further obligations. The contract was at an end. This was also true in the cases cited in the prevailing opinion and in the dissenting opinion of Judge Denio.

In the case at bar another situation is presented. Payment of principal and interest did not end all obligations under the contract. If ever thereafter the borrower sold his patents, the bonus became due. It is true he might not sell them. But in any event the plaintiff was entitled to his principal and interest and in addition thereto he acquired this contingent right. It was a valuable right. He acquired it under the original contract as part compensation for the loan. No act of the borrower might deprive him of it. The plaintiff was to receive for the loan of his money a greater value than six per centum. This was usury within the definition of the statute.

3. Hoffmann might not repay the loan for five years. In that case the lender had a lien on the patents which he might foreclose. If he did so foreclose them, on a sale he would be entitled to his bonus. It will be noticed that the borrower promises to secure the plaintiff for the payment of the loan out of the net proceeds realized upon the sale or other disposition of his inventions. The borrower retains the sole right to sell the inventions or to grant licenses under them for five years. These clauses must mean that it was the intention to grant a lien on the patents as security for the loan. Otherwise the clause as to retaining the sole right to sell is meaningless; and especially the phrase that this is done " notwithstanding this letter." If such a lien is created the agreement is absolute to pay out of the proceeds of the sale of the patents the interest and $2,500 bonus. Clearly

.on a foreclosure sale made after the five years the plaintiff would be entitled to such bonus.

The judgment appealed from should be affirmed, with costs.

HISCOCK, Ch. J., CHASE, COLLIN, HOGAN and CARDOZO, JJ., concur; CRANE, J., concurs in result on ground that the claim is barred by the Statute of Limitations.

Judgment affirmed.