United States Credit Jewelers, Inc., a Domestic Corporation, Plaintiff, *v.* Tony Parker and Another, Defendants.

Municipal Court of New York, Borough of Manhattan, Tenth District, June 27, 1937.

*I. Stutz Droenos*, for the plaintiff.

*Charles Liebling*, for the defendants.

Lewis (David C.), J. Plaintiff was the holder of an assignment of ten per cent of the weekly wage of one Parker, an employee of the defendant. The assignment complied with section 46 of the Personal Property Law. Pursuant to said section, the plaintiff sent a copy of the assignment, properly authenticated, together with an itemized statement, to the defendant employer by registered mail. There is no question about the sufficiency of the assignment or about the sufficiency of the papers sent by registered mail. The papers were received at the address of the defendant by a young lady in the employ of the attorney as his stenographer at said address.

It is the defendant's claim that such facts do not constitute a compliance with section 46 of the Personal Property Law requiring that the papers be *filed* with the employer.

It seems to me that the defendant would attribute to the provision for the filing of the papers under section 46 the same meaning which is given to the usual provision governing the service of legal papers.

The court takes a different view. Service and filing are entirely different. It can only be claimed that a paper has been served where it is delivered either to the party in person or left with

some one authorized or designated to bind him. A paper, however, may be filed with an employer by delivering it to someone in charge at the place of business of the employer; particularly when it is addressed to the employer. The mission of one is to secure jurisdiction; the object of the other to give notice. (See *Diehl* v. *Becker*, 227 N. Y. 318; *Gates* v. *State of New York*, 128 id. 221; *Sweeney* v. *City of New York*, 225 id. 271.) There is a fatal defect in the plaintiff's proof. Under the wording of subdivision 2 of section 46, the plaintiff would only be entitled to hold the employer to payment "provided at such time (a) no other assignment or order for the payment of any salary * * * is in force." For while any portion of an indebtedness secured by any other valid assignment is unpaid, no other portion of the wages shall be withheld. Here, then, is a condition precedent, and under the law the failure to allege and prove it is fatal to a recovery. (*Rosenstock* v. *City of New York*, 97 App. Div. 337.)

For the reasons stated, the complaint of the plaintiff should be dismissed without prejudice to the right to establish the essential facts in any new action.