## ROCK COUNTY BANK vs. WOOLISCROFT.

Where a note is executed in this state and payable here, the demand and payment of exchange upon New York, as a device to cover the taking of illegal interest, renders the transaction usurious.

Where A, to obtain from a bank of this state forbearance on his indorsement of B's note, procured and indorsed to the bank a new note of B for the same amount, and paid a sum greater than ten per cent. interest on the same, the transaction was usurious, and, under the law of 1859, no recovery can be had upon such indorsement, nor upon any subsequent note executed by A to take up the note so indorsed.

The answer in an action upon a note was, that the defendant had indorsed to the plaintiff a previous note of another person; that the consideration of such indorsement was usurious; and that the note in suit was given to secure the payment of the same moneys for which said indorsement was given and, the proof was that the note in suit was the last of a series of which the first was given upon the alleged usurious consideration, and each of the others to take up the preceding one of the series. *Held*, that the evidence was admissible under the pleadings; and that it was not necessary to allege in the answer the execution of all of said series of notes.

APPEAL from the Circuit Court for *Rock* County.

Action on a promissory note for $731.59, made by the defendant March 21, 1860, payable to his own order, and indorsed by him to the plaintiff. The defense was usury. The answer alleged that on the 4th of June, 1857, one Smith gave the defendant his note for $600, at sixty days, which the defendent indorsed to the plaintiff; that Smith having neglected to pay said note when it became due, the plaintiff agreed with the defendant that if he would procure of Smith another note for $600 at thirty days, and would indorse the same to the plaintiff, and pay the plaintiff $19.50, it would extend the time of the payment of said $600 for thirty days; that the defendant accordingly obtained such second note of Smith, as requested, on the 6th day of August, 1857, and paid said sum of $19.50, for such extension of time and for no other consideration; that when said second note became due, Smith refused to pay it; that the defendant thereupon gave his own note for said sum of $600; and that the note described in the complaint "was given by the defendant for the purpose of securing the payment of said sum of $600, and for no other or different consideration."

On the trial, which was by the court without a jury, the defendant gave in evidence the two notes of Smith mentioned in

the answer, and, as a witness in his own behalf, testified that when he took up the first note and indorsed the second to the bank, he paid the latter, as the condition of such arrangement, $19.50, as the interest for thirty days and exchange on New York. He then testified to the execution by him to the plaintiff of seven notes sucessively, the first at the time Smith's second note fell due, and each of the others at the time when the preceding one of the series matured; each being for said sum of $600, together with interest on the same at ten per cent., reckoned from the date of the first of said series; and that the last of said seven notes was the one described in the complaint. The plaintiff objected to the admission of this testimony, on the ground, among others, that the answer did not contain a sufficient averment of usury; but his objections were overruled. A witness for the defendant, testified that in August, 1857, he was clerk in Hoyt's Banking House in the city of Janesville (which was the plaintiff's place of business); and that by reference to the books of said house it appeared that the rate of exchange between Janesville and New York on the 6th of that month was one and one-half per cent. No other evidence was offered on the subject. Finding and judgment for the defendant.

*B. B. Eldredge*, for appellant:

1. The answer does not contain a sufficient allegation of usury, as respects the note sued upon. Smith's note of August 6, 1857, was given for his own benefit and for a full consideration, and the answer does not show that it was affected with usury. Being valid in the hands of *Wooliscroft*, the payee, it could not be invalidated by any corrupt transaction between him and the bank. *Bush v. Livingston*, 2 Caines Cas., 66; *Warner v. Gouverneur's Ex'rs*, 1 Barb. 36; *Crane v. Hubbell*, 7 Paige, 413. 2. The fact that the defendant gave the bank for Smith's note, his own note, as stated in his answer, shows the transaction to have been a mere sale or exchange of securities, or a transfer of credit, whereby the bank parted with a valua-

Rock County Bank vs. Wooliscroft.

ble security for the defendant's note, then supposed to be an equivalent therefor. 2 Caines Cas., 66; 1 Hill, 227; 3 Edw. Ch., 143; 3 Coms., 344. 3. The alleged usurious contract having been made in August, 1857, if it is affected by the statutes on the subject of usury, it must come under the law of 1856, then in force; and the defendant was not entitled to the benefit of his answer without proving payment or tender of the principal sum loaned. 10 Wis., 230. 4. The consideration of a usurious note can be reformed by the agreement of the parties, and made available. 13 Wend., 505; 4 Denio, 104; 5 Barb., 38. The presumption of law is where a subsequent note has been delivered to take the place of a prior usurious note, that the usurious contract has been reformed, and that the subsequent note is valid. The pleading, failing to negative such presumption, is insufficient. Moreover the allegation that the note in suit was given for the sole purpose of securing the payment of the $600 in Smith's note, and for no other consideration, shows that the consideration is sufficient.

*Knowlton & Jackson,* for respondent:

Whether the respondent is still liable on his indorsement of June 4, 1857, and whether the note of Smith dated August 6, 1857, was valid as against Smith, are questions not raised in this case. The respondent's contract of indorsement upon the last mentioned note, was clearly usurious and void. 3 Wis., 725; 7 Wend., 569; 19 Ill., 623; Edw. on Prom. Notes, 353. The agreement for the payment of exchange was usurious. 2 Hill, 451: 1 Denio, 133; 13 Barb., 339; 11 Ind., 117; 12 Wis., 480. And all the subsequent notes given by him, are alike usurious and void. 6 Wend., 415; 21 id., 103; 1 Carr. & P., 396; 8 Cow., 669; 9 id., 647; 2 Johns., 286; 8 W. & S., 31; 2 Starkie, 236; Edw. on Prom. Notes, 251. 2. There can be no recovery of the principal. The provision of the law of 1856, which gave a right of action for the sum loaned, without any interest, did not operate to repeal the previously existing provisions of law, which forbade the making of usurious contracts.

All acts in violation of a prohibitory statute are illegal and void. 5 Day, 160 ; 2 H. Black., 379; 6 Tenn., 405; 2 M. & W., 149 ; 14 id., 463 ; Carthew, 282 ; 12 East, 296 ; 2 Caines, 147; Cowp,, 343; Chitty on Con., 692, et seq. When the act of 1856 was repealed in 1859, there was no statute left to sustain an action on the prohibited contract. There was no vested right in the holder of the usurious note, to maintain such an action; it was only a remedy provided by statute and fell with the statute. 1 Hill, 325, and cases there cited ; Smith on Con. & Stat. Cons., 880, et seq. ; id., 131, et seq. ; 8 Blackf., 588 ; 1 Watts, 258 ; id., 382 ; 7 Barr, 173 ; 5 Blackf., 195 ; 1 Bouvier's Inst., 44. Again the note in suit, which was made after the passage of the act of 1859, bore the same relation to the usurious agreement, that it would have borne had no previous note been given, intermediate between its execution and the making of that agreement.

*By the Court*, COLE, J. : We think the answer was sufficient to admit the proof offered, showing that the note sued on was usurious and void. It appears from the evidence that there was a succession of notes, given as they became due, the last one of which was the one sued on ; but we are inclined to the opinion, that it was not necessary to state all these matters in the answer. It is alleged with precision and directness, that this note is usurious, and the corrupt agreement which entered into the original usurious note, is fully disclosed. It is stated that the bank agreed to forbear the payment of the note of Smith given on the 4th of June, 1857, upon which the respondent had become liable as indorser, upon condition that he should obtain another note from Smith for a like amount, payable in thirty days, and indorse the same, and pay for such forbearance the sum of nineteen dollars and fifty cents; and that the note sued on was given to take up the last mentioned note, and for no other consideration. The proof showed, it is true, that the note sued on was the last of several notes given

by the respondent in renewal of the one which he gave for the Smith note, and which he had transferred by his usurious indorsement. But still we think it was not necessary to state in the answer, the giving of all the intermediate notes, in order to render the defense of usury available.

That the contract of indorsement was usurious, does not admit of a doubt. The evidence upon this point is clear and uncontradicted. The bank exacted nineteen dollars and fifty cents upon the loan of six hundred dollars for thirty days. This is far in excess of the rate of interest which the bank was permitted to take. It appears that a portion of this sum was for the premium on exchange on New York. But even admitting that the bank had a right to demand, as a condition of the loan, exchange on New York and legal interest, still the evidence shows, that a considerable amount above interest and premium was exacted and taken. It does not appear that any of the notes were made payable in New York; and demanding premium on that city in addition to the legal interest, was undoubtedly a device resorted to for obtaining usury. In *Towslee v. Durkee*, 12 Wis., 480, such a transaction is held to be usurious. But even if the premium were not exacted as a cover for usury, and it was lawful to take it, still it appears that the bank demanded and received five dollars more than legal interest and premium united. So that there can be no doubt that the contract of indorsement was usurious and void. *Cowles v. McVickar*, 3 Wis., 725. In that case it was expressly decided, that when a person transfers a note for a sum less than its face and legal interest, and endorses or otherwise becomes liable for its payment, it is a transaction by which the indorsee gets more than the legal rate of interest, and is therefore, *as between the immediate parties to the contract of indorsement*, usurious. This doctrine appears to be fully sustained by the cases which Justice SMITH cites in his opinion. It is likewise held that a note may be sold in the market for less than its value, and may be indorsed so as to pass the title, with im-

punity.   But when the note is indorsed by the payee in the
usual manner, in consideration of a sum paid or advanced by
the indorsee, the transaction is essentially a loan, and exacting
a higher premium than the legal rate of interest, renders the
contract void for usury.   It is suggested that the original note
given by Smith, was valid in the hands of the payee and in-
dorser, and therefore could not be rendered void by any cor-
rupt contract of indorsement.   Whether the bank could recov-
er against the maker, Smith, the full face of the note, it is not
necessary to decide.   The action is not against the maker, but
against the indorser, with whom the corrupt and illegal agree-
ment was made.

It was argued that the respondent gave his note for that of
Smith, and that this transaction was in the nature of a sale or
exchange of securities.   We are unable to concur in this view
of the matter.   The first note given by the respondent, was to
take up the Smith note which he had transferred by his usu-
rious indorsement.   This note he renewed from time to time
as it became due.   But the taint of usury in the original agree-
ment is carried forward and enters into all subsequent securi-
ties taken for the same debt.   *Steele v. Whipple,* 21 Wend.,
103 ; *Bell v. Lent,* 24 id., 230 ; *Reed v. Smith,* 9 Cowen, 647.

Upon the whole case we are clear that the judgment of the
circuit court is right, and must be affirmed.