JOHN W. FUNK

*v.*

HIRAM BUCK.

1. LIQUIDATED DAMAGES—*waiver by delay to sue.* Where the payee in a promissory note bearing ten per cent interest from date till due, and fifteen per cent thereafter if not paid at maturity, on being pressed not to sue shortly after the note became due, promised that he would not sue as long as he could help it, but gave no definite time, this was held no waiver of his right to exact the fifteen per cent interest as damages for non-payment at maturity.

2. USURY—*greater rate after maturity than is allowed.* Where a promissory note provides for the payment of fifteen per cent per annum interest after maturity if the note is not promptly paid when due, a simple delay in bringing suit, at the request of the principal maker, as a personal favor, there being no valid extension of the time of payment, will not indicate that the delay was a mere device to secure an unlawful rate of interest.

APPEAL from the Circuit Court of McLean county; the Hon. OWEN T. REEVES, Judge, presiding.

The declaration in this case is on a promissory note made by A. C. Funk and John W. Funk, bearing date April 21, 1874, for the sum of $3000, payable to Hiram Buck or order, twelve months after date, with interest from date at the rate of ten per cent per annum; and if not paid promptly at maturity, fifteen per cent per annum thereafter, as liquidated damages for non-payment. At the time of executing the note the makers also executed a power of attorney authorizing any attorney of any court of record to appear for them in any court of record and confess a judgment on such note, against them, and in favor of the payee or the legal holder of the same, for the principal and interest to become due on the note. On the 1st day of June, 1875, the sum of $300 was paid and indorsed as a credit on the back of the note.

At the March term of the McLean county circuit court an attorney of record appeared in open court, and in the names of defendants confessed a judgment, in favor of plaintiff, for the sum then due on the note, including interest after the maturing of the note at the rate of fifteen per cent per annum. At the same term of court defendants appeared and moved to vacate the judgment, and for leave to plead to the merits of the action. On the hearing of that motion defendants proved by plaintiff that when A. C. Funk, who was the principal in the note, paid plaintiff the $300 credited on the note, he pressed plaintiff not to sue on the note, and plaintiff told him he would not as long as he could help it, "but did not give him any definite time." Before bringing the suit, however, plaintiff told defendant he could wait no longer.

This was all the evidence offered on this point in the case, and thereupon the court overruled the motion to vacate the judgment.

Defendant John W. Funk brings the case to this court on appeal.

Messrs. ALDRICH & KERRICK, for the appellant.

Messrs. TIPTON & POLLOCK, and Mr. E. M. PRINCE, for the appellee.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

It is very clear, from the evidence preserved in the record, there was not the slightest intention on the part of plaintiff to waive any right to exact damages for the non-payment of the note at maturity. He was not asked to do so. Nor was there any valid extension for the payment of the note for any definite period that indicated.it was a mere device to secure a greater rate of interest than the statute allows. What was done was done simply to oblige defendants for the time being, as a personal favor, and must have been so understood by them. Plaintiff consented to no extension of payment for any definite period, nor did he waive his right to sue defendants at any time. It was the privilege of defendants to pay the note at their pleasure, and thus avoid the payment of the damages agreed upon on account of the failure so to do. The case, in all its essential features, is within the rule declared in *Downey* v. *Beach,* 78 Ill. 53, and the judgment must be affirmed.

*Judgment affirmed.*