FRIEDMAN, Appellant, vs. WISCONSIN ACCEPTANCE CORPO-
RATION, Respondent.

*October 15, 1926—February 8, 1927.*

*Usury: Loan made on security of automobile: Investigation charges
paid by borrower: Insurance premiums: Good faith: Tender:
Sufficiency.*

1. One who has borrowed money on an automobile, under an ar-
   rangement he asserts to be usurious, has the burden of proving
   that the contract was usurious in an action to recover the au-
   tomobile, which had been seized by the creditor.  p. 60.
2. In determining whether the contract is usurious the court will
   disregard its form and look to the substance, and will condemn
   the transaction if all the requisites of usury are present, de-
   spite any disguise it may wear.  p. 60.
3. Evidence that plaintiff was charged $51 in making a loan of
   $300 on his automobile, $5 of which was for health and acci-
   dent insurance, $16 for fire and theft insurance, and $12.84
   for investigation, is *held* not to meet the burden of proving
   that the contract was usurious which devolved on the plaint-
   iff.  p. 60.
4. A charge for insurance at the usual premium in making a loan
   on an automobile, made in good faith, is proper and not in vio-
   lation of the usury laws; and a tender of the sum admitted to
   be due, but which did not include the insurance premiums, is
   insufficient.  pp. 61, 62.

APPEAL from a judgment of the circuit court for Milwau-
kee county: OSCAR M. FRITZ, Circuit Judge.  *Affirmed.*

The appeal is from a judgment affirming the judgment of
the civil court of Milwaukee county dismissing plaintiff's
complaint.

The defendant is a Wisconsin corporation, having its
principal office and conducting its business in the city of Mil-
waukee, and is engaged in the business of loaning money to
borrowers, taking as security the automobile of the latter.
The plaintiff, being in need of $300, applied to the defendant
for a loan for a period of one year, and he was informed
by the agents of the defendant that he would be required to

pay for property insurance covering fire and theft, and also health and accident insurance. In addition to the foregoing, he was also notified that it would be necessary to make a personal investigation of his financial responsibility, also of the proper records, to ascertain whether or not the automobile was free from incumbrance.

The total cost of the health and accident insurance amounted to $5 and the fire and theft insurance to $16, and in addition thereto there was charged the sum of $12.84 for the investigation, and these sums, added to the interest at the highest rate permissible under the statute, aggregated $51, the plaintiff being informed that this sum would constitute the total cost of the loan for the period of one year.

Pursuant to the agreement entered into between the parties, the plaintiff transferred by bill of sale his automobile to the defendant, and the parties then executed a conditional sales contract. The plaintiff also signed certain judgment notes, pursuant to which the total amount of the loan became payable within one year, in monthly instalments. The plaintiff having defaulted under the contract, the defendant seized and took possession of the automobile, whereupon the plaintiff brought this action of replevin to recover the possession of the machine, and in order to comply with the requirements of the statutes he tendered and paid the sum of $300 into court.

Upon the trial of the action in the civil court, findings were made and filed to the effect that the plaintiff's tender, under all the facts and circumstances of the case, was not sufficient, and judgment was thereupon ordered in defendant's favor and directing the dismissal of plaintiff's complaint. Judgment having been entered pursuant to said order, the plaintiff took an appeal to the circuit court as aforesaid, with the result heretofore indicated.

*Arthur H. Bartelt* of Milwaukee, for the appellant.

For the respondent there was a brief by *Wolfe & Kolinski* of Milwaukee, and oral argument by *H. O. Wolfe.*

The following opinion was filed November 9, 1926:

DOERFLER, J. The action is based upon the theory that the contract entered into is in violation of the usury statutes of the state; that having received only the sum of $300 in cash, a tender for that amount was sufficient; that in exacting the sum of $51 for insurance, investigation, and interest, the loan became usurious. A number of interesting questions were presented by counsel, both in their brief and argument, but in deciding this case we will dwell only upon such as may be necessary to the proper determination of the issue.

The charge for insurance amounted to $21. The plaintiff claiming that the contract was usurious, the burden of proof to establish this fact devolved upon him. *Hale v. Haselton,* 21 Wis. 320, 328; 27 Ruling Case Law, 268; *Bovee v. Yamamoto,* 121 Wash. 517, 209 Pac. 697. This burden of proof was not met by the plaintiff. It is true that in determining whether or not the transaction is usurious the court "will disregard its form and look to the substance, and will condemn it if all of the requisites of usury are found to be present, despite any disguise it may wear." *First Nat. Bank v. Phares,* 70 Okla. 255, 174 Pac. 519. See, also, a great number of cases cited in 21 A. L. R. 808 and 809, and included in these cases are *Towslee v. Durkee,* 12 Wis. 480; *Durkee v. City Bank,* 13 Wis. 216; *Rock County Bank v. Wooliscroft,* 16 Wis. 22; *Central Bank v. St. John,* 17 Wis. 157; *Cornell v. Barnes,* 26 Wis. 473; *Dayton v. Dearholt,* 85 Wis. 151, 55 N. W. 147.

The cost of the insurance does not appear from the evidence in this case to have been excessive. It is well known that in recent years companies like the defendant have sprung

into existence in large numbers, due to the general owner-
ship of automobiles by the inhabitants of this state.   In many
instances the borrower possesses no other concrete security
than his automobile.   Under such circumstances the risk
which a lending company assumes is quite hazardous.   The
machine may be taken beyond the jurisdiction of the state;
it may be stolen; or it may be destroyed by fire.   Borrowers
like the plaintiff ordinarily are impecunious.   Their ability
to pay is dependent to a great extent upon their employment,
their capacity to labor, and the condition of their health.
Therefore it must be assumed on the face of this transaction
that the exaction as to insurance is reasonable.   Many cases
can be found in the books where an agreement to pay insur-
ance such as that provided for herein has been held a mere
cloak for usurious interest, but in nearly all of such cases it
will be found that it was revealed in the testimony that the
insurance provision of the contract was not entered into in
good faith, and that the premiums charged were in excess
of what is usually charged for insurance of that nature.
However, in the great majority of cases (and such cases con-
stitute the overwhelming weight of authority), where the
contract is entered into in good faith and where the evidence
does not disclose the exaction of a higher premium than what
is usual and customary, the charge is considered a proper
one, not in violation of the usury law.   See *Niles v. Kava-
nagh,* 179 Cal. 98, 175 Pac. 462, also reported in 1 A. L. R.
831, where numerous supporting authorities are digested and
cited in support of the prevailing authority above indicated;
also numerous citations and authorities in 21 A. L. R. 876,
877.

It is contended also by the plaintiff that the insurance was
solely for the benefit of the defendant.   Not so.   It is for
the benefit of the defendant in so far as it may operate as a
security for its loan; in all other respects it must be deemed

of great advantage and benefit to the plaintiff, for in the event of the happening of the emergency to secure which the insurance is effected, he will not be left penniless and run the risk of losing the value of his property, but will receive proper reimbursement. The evidence does not disclose bad faith with respect to this insurance, nor does it reveal an unusual or excessive premium.

Under the evidence presented, therefore, the total amount of the loan did not consist merely of the $300 actually paid to the plaintiff, but, in addition thereto, the sum of $21. Under the statutes it became incumbent upon the plaintiff to tender, under the circumstances disclosed, at least the sum of $321, and having only tendered and paid into court the sum of $300, such tender and payment were insufficient.

The civil court and the circuit court were therefore fully justified in the conclusions arrived at by them. The judgment of the circuit court must therefore be affirmed.

*By the Court.*—Judgment affirmed.

A motion for a rehearing was denied, with $25 costs, on February 8, 1927.