RANDALL, Respondent, vs. HOME LOAN & INVESTMENT COMPANY, Appellant.

*January 20—February 15, 1944.*

For the appellant the cause was submitted on the brief of *Winter & Koehler* of Shawano.

*Orville S. Luckenbach* of Shawano, for the respondent.

MARTIN, J. It is conceded that the regular interest rate on the $800 loan was nine and eight-tenths per cent per annum. If the penalty of one per cent on defaulted monthly instalments must be considered as interest, then the total interest on the loan exceeded the maximum rate provided in sec. 115.05, Stats., to the extent of $13.02. Said section provides:

"*Maximum rate.* No person, company or corporation shall, directly or indirectly, take or receive in money, goods, or things in action, or in any other way, any greater sum or any greater value, for the loan or forbearance of money, goods, or things in action, than at the rate of ten dollars upon one hundred dollars for one year; and in the computation of interest upon any bond, note, or other instrument or agreement, interest shall not be compounded, nor shall the interest thereon be construed to bear interest, unless an agreement to that effect is clearly expressed in writing, and signed by the party to be charged therewith."

Sec. 115.06, Stats., provides:

"*Contracts for excessive rate.* All bonds, bills, notes, assurances, conveyances and all other contracts or securities whatever, whereby there is reserved or secured a rate of interest exceeding ten dollars on one hundred dollars for one year, shall be valid and effectual to secure the repayment of the principal sum loaned; but no interest shall be recovered on such securities or on any money or other thing loaned by such contract except upon bottomry and respondentia bonds and contracts; and no corporation shall interpose the defense of usury."

The instant action was brought under sec. 115.07 (1), Stats., which provides:

"Every person who, for any such loan or forbearance, shall have paid or delivered any greater sum or value than is above allowed to be received, may, by himself or his personal representative, recover in an action against the person who shall have taken or received the same, or his personal representatives, treble the amount of the money so paid or value delivered above the rate aforesaid if such action shall be brought within one year after such payment or delivery."

Ruby Cooper died testate on the 25th day of January, 1942. Plaintiff paid defendant the balance due on principal, accrued interest, and penalties—in all, the sum of $370.23—on September 18, 1942; and commenced this action on March 18, 1943. This action was seasonably brought.

The trial court, in its decision, said:

". . . The provision providing for a 'penalty' for failure to make the payment when due is merely another way of stating that interest shall be charged on past-due payments in the amount of one per cent per month. Such an interest charge is in excess of the maximum legal rate, and is therefore usurious."

We think the court overlooked the purpose in providing a penalty of one per cent on delinquent monthly instalments. If the borrower had complied with the terms of the contract and had not defaulted on the monthly instalments, no penalty would have accrued. The question here involved was treated by the court in the case of *Fisher v. Otis* (1850), 3 Pin. 78. That action was founded on a note and mortgage executed in Racine county, Wisconsin, payable one year after date, with interest after due at the rate of twelve per cent payable semi-annually at the city of Boston, Massachusetts. Under the Massachusetts law the maximum interest rate was six per cent. At that time twelve per cent interest was lawful in Wisconsin. Which law controlled was the principal issue in

the case. However, the question of usury was considered by the court, and in that connection the court said, p. 91 :

"The respondents contended that the note and mortgage, being made to draw interest at twelve per cent, were usurious under the laws of Massachusetts, which allow of only six per cent. A sufficient answer to this objection might be found in the fact that no interest was payable until the money became due. The note was payable at 'one year from date,' and was to draw interest '*after* one year, at the rate of twelve per cent per annum.' If the money had been paid at the maturity of the note, no interest would have been demandable. The legal obligation was to pay at the end of a year, *and the maker might have discharged his obligation without paying any interest.* If he neglected to pay, or, in other words, violated his agreement, the interest which follows might properly *be regarded as a penalty to recover damages.* 4 Peters, 225. At all events, it seems to me to be a solecism in law to hold an instrument usurious which may be legally discharged by the obligor agreeably to its terms without paying any interest at all."

In the case of *Tallman v. Truesdell* (1854), 3 Wis. *443, involving the validity of an agreement to pay interest semi-annually at the rate of twelve per cent per annum and if not paid when due such interest remaining unpaid to draw interest after the same rate, the court said, p. *450 :

"We do not think the agreement to pay compound interest in case of default in paying the interest stipulated is necessarily usurious. It is not a positive undertaking to pay compound interest at all events, but only in case of default in complying with the other covenants of the mortgage, *and may be regarded in the light of a penalty of forfeiture.*"

In the Restatement, 2 Contracts, p. 1037, sec. 536, the rule is stated as follows:

"Unless especially forbidden by statute a provision in a bargain for a loan that after maturity interest at a higher rate shall be charged than is permissible before maturity, does not

render the bargain usurious unless the parties when entering into it contemplate that the loan shall not be paid at maturity."

Under comment *a* it is stated:

"A provision within the rule stated in this section is held to be inserted for the purpose of compelling payment at maturity and not to be bargained for in return for the use of the money, and therefore the provision is not illegal. . . ."

In 27 R. C. L. p. 232, sec. 33, the rule is stated as follows:

"Where a borrower has agreed to pay a rate of interest not forbidden by law, but has stipulated that, in the event of his not making payment at the time specified, the obligation shall bear a higher rate of interest, either from default or from the date of its execution, or that some specific sum shall be paid in addition to the principal and interest contracted for, the increased rate is generally regarded as a penalty and not within the usury laws." To same effect see *State Mut. Rodded Fire Ins. Co. v. Randall,* 232 Mich. 210, 205 N. W. 165; *Ramsey v. Morrison,* 39 N. J. Law, 591, 593; *Funk v. Buck,* 91 Ill. 575, 577; *Diehl v. Becker,* 227 N. Y. 318, 324, 125 N. E. 533.

In the latter case the New York statute provided:

" 'No person . . . shall, directly or indirectly, take or receive in money, goods or things in action, or in any other way, any greater sum or greater value, for the loan or forbearance of any money, goods or things in action, than' six percent per annum."

The court said:

"In the lower courts there has been great diversity of opinion as to the proper interpretation of the contract. The majority of the appellate division, however, has held that by its terms Hoffmann might relieve himself of all further liability by payment of the principal and interest of the loan. If so, there is no question of usury involved *even though on certain contingencies a greater amount would become due.*" Citing *Sumner v. People,* 29 N. Y. 337.

In *State Mut. Rodded Fire Ins. Co. v. Randall, supra,* p. 211, the court said:

"Was a charge of 10% per month for failure to pay the assessment when due usury or a penalty? It is not usury because the excessive rate was not absolutely payable. Where the payor can avoid the excessive rate by making payment of the demand when due it is not usury. While there is some authority to the contrary, the prevailing opinion is that whenever the debtor by the terms of a contract can avoid the payment of the larger by payment of a smaller sum at an earlier date the contract is not usurious, but conditional, and the larger sum becomes a mere penalty."

In the annotation, 82 A. L. R. 1214, it is stated:

"The general rule is that a provision in a note or other contract for the payment of money, by which the debtor agrees to pay after maturity interest at a higher rate than permitted by the usury laws, or a sum of money which will exceed that rate, does not render the note or other contract usurious, if the parties in making the contract act in good faith, without intent of evading the usury law." *Fisher v. Otis, supra,* is cited among the many authorities supporting the rule stated.

There is not a scintilla of evidence that the parties did not intend performance of the loan agreement according to its terms. A violation of sec. 115.07 (1), Stats., is made a misdemeanor under sec. 115.07 (2), and upon conviction thereof the guilty party shall be punished by a fine of not less than $25 nor more than $300,. or by imprisonment for not more than six months, or by both such fine and imprisonment. It cannot be presumed that defendant intended the commission of a crime by inserting a provision in the loan agreement of one per cent as a penalty for the nonpayment of monthly instalments when due. In the absence of any showing to the contrary, we are of the view that the penalty provision was for the purpose of compelling payment at maturity.

The plaintiff, claiming that the contract was usurious, had the burden of proof to establish this fact. *Friedman v. Wisconsin Acceptance Corp.* 192 Wis. 58, 60, 210 N. W. 831. In determining whether or not a transaction is usurious the court will disregard its form and look to the substance, and will condemn it if all the requisites of usury are found to be present, despite any disguise it may wear. *Friedman v. Wisconsin Acceptance Corp., supra,* p. 60. The borrower's legal obligation under the loan agreement was to pay each monthly instalment when due. Had this obligation been met, no penalty would have accrued.

The respondent contends that the loan agreement does not conform to the provisions of secs. 115.04 and 115.05, Stats., in reference to the statement of interest rate. Respondent's position seems to be that these statutes require that the interest rate be stated in percentage. The statutes themselves state the rate in dollars. The rate of interest may be stated in either dollars or in percentage. We are of the view that the interest rate, in whichever form stated, should be separately stated and not included in the monthly instalment due on the principal.

From the foregoing it follows that plaintiff has failed to make a case and the complaint must be dismissed.

*By the Court.*—Judgment reversed. Cause remanded with directions to enter judgment dismissing the complaint.