R. J. MCMAHON, Commissioner Office of the Commissioner ofSavings and Loan
You request my opinion as to whether a loan fee charged to a borrower by a lender would constitute interest for purposes of sec. 138.05, Stats., and, if considered as interest. as to how that fee is to be amortized for purposes of calculating the interest rate. You advise that such fees are generally charged to the borrower in one lump sum, are based upon the amount borrowed, and may or may not be intended to cover the costs of appraisals, title examinations, and other third-party services.
You have directed my attention particularly to secs. 138.05 (1) and (2) which provide in part as follows:
 "(1) Except as authorized by other statutes, no person shall, directly or indirectly, contract for, take or receive in money, goods or things in action, or in any other way, any greater sum or any greater value, for the loan or forbearance of money, goods or things in action, than:
 "(a) At the rate of $12 upon $100 for one year computed upon the declining principal balance of the loan or forbearance;
"* * *
 "(2) Any loan for which the rate of interest exceeds $10 per $100 for one year computed upon the declining principal balance may be prepaid by the borrower at any time in whole or in part. Upon prepayment of any such loan in full by cash, *Page 68 
renewal or refinancing, the borrower shall be entitled to a refund of unearned interest charged . . . ."
I.
It is my opinion that such a loan fee, based upon the amount of the loan, must be considered interest for purposes of secs.138.05 (1) and (2), Stats., to the extent that it does not relate to identifiable expenses actually and in good faith incurred in relation to the particular transaction.
The general rule is that a lender in addition to interest at the highest lawful rate may charge and be reimbursed for his expenses actually and in good faith incurred. 29 OAG 360, 363 (1940); 45 Am. Jur. 2d, Interest and Usury, sec. 204; 91 C.J.S.Usury, sec. 48.
It has long been the policy in Wisconsin that in cases of alleged usury, the courts will look through the form to the substance of the transaction. State v. J. C. Penney (1970),48 Wis.2d 125, 179 N.W.2d 641; Randall v. Home Loan InvestmentCo. (1944), 244 Wis. 623, 12 N.W.2d 915; Friedman v. WisconsinAcceptance Corp. (1927), 192 Wis. 58, 210 N.W. 831; Lee v.Peckham (1863), 17 Wis. *383. Where a loan fee is charged and no services are actually rendered to the borrower, the fee constitutes interest and will not be allowed if to do so will increase the cost of such a loan beyond the lawful interest rate.McFarland v. Carr (1862), 16 Wis. 259; Industrial Bank ofWashington v. Page (D.C. Cir. 1957), 249 F.2d 938, 939; 45 Am.Jur. 2d, Interest and Usury, sec. 204. At 91 C.J.S., Usury, sec. 48 at p. 632, the conclusion is reached that ". . . a charge for pretended services or expenses, not actually rendered or incurred, . . . affects the transaction with usury if thereby the lawful rate of interest on the loan is exceeded . . . ."
In McFarland v. Carr, supra, the lender charged the maximum rate plus an additional $50 bonus to be paid to the lender's agent. The court held that the extraction of the bonus rendered the mortgage usurious because no services had actually been rendered to the borrower. By way of dicta. the court noted that if the charge had been for services actually rendered by the agent to the borrower, a contrary conclusion would have been reached. *Page 69 
The United States Supreme Court came to the same conclusion when faced with a case involving bonuses paid to an agent of a lender. In Fowler v. Equitable Trust Co. (1891), 141 U.S. 384,12 S.Ct. 1, 35 L.Ed. 786, the court determined that because the agent receiving the bonus was acting for the lender, any commission in excess of the maximum rate made the loan usurious.
Any interpretation which excluded loan fees from the scope of sec. 138.05, Stats., would render the rate ceilings in that section a nullity and would clearly be contrary to the intent of the legislature. The broad statutory language indicates the legislature's intention to limit all devices for exacting compensation for a loan regardless of the form of the transaction.
A flat fee based on the amount of the loan is not necessarily related to the actual expenses of the lender. Such a flat fee must be considered interest to the extent it does not relate to identifiable expenses related to the particular transaction. When such a fee is charged which increases the cost of the loan such as to render it in violation of the usury laws, it is necessary to determine whether this additional charge is actually related to the transaction. In virtually every instance the portion of such fees paid to third parties on behalf of the borrower will meet the test of being actually and in good faith incurred. Other expenses of the lender which are not paid to third parties may or may not qualify depending on the facts and circumstances and their relation to the particular transaction. General expenses such as overhead, heat, light, etc. would not qualify because they do not relate to the particular transaction.
I should also point out that in certain loan situations covered by the Wisconsin Consumer Act, the legislature has determined which loan costs, to the exclusion of all others, can be charged to the borrower in addition to the highest interest rates. Sec.422.202 (2) (a), Stats.; cf., the Federal Truth-in-Lending Act,15 U.S.C. secs. 1601, et seq., and especially sec. 1605. However, the Consumer Act is probably not applicable to the typical loan situation since it is not applicable to first lien real estate mortgages where the annual percentage rate does not exceed 12 percent and the amount financed is $25,000 or less. Secs. 421.202 (7) and 428.101, Stats. Also, the Consumer Act is not applicable where the amount financed in a consumer credit transaction exceeds $25,000. Sec. 421.202 (6), Stats. *Page 70 
However, in the situation involving a first lien real estate loan subject to ch. 428, Stats., the statutes provide that a creditor cannot charge for reimbursement of attorney's fees except as to the reasonable fees for opinions of title and specified amounts in the event of foreclosure. Sec. 428.103 (1) (e), Stats.
II.
Your second question concerns the amortization of this fee for purposes of determining whether the loan is usurious under sec.138.05 (1) (a), Stats., or whether prepayment of the loan must be allowed under sec. 138.05 (2), Stats. Chapter 138 does not deal directly with this issue. However, other authorities shed light on the proper interpretation.
In an April 14, 1969, Federal Reserve Board letter cited in para. 30,018 of CCH Consumer Credit Guide, the Federal Reserve Board took the position "That points are to be computed over the maturity of the mortgage . . . ."
There are no Wisconsin cases which deal with the question of amortization. However, the United States Supreme Court has addressed this issue with respect to the agent's bonus. The court, in Fowler v. Equitable Trust Co., supra, held that in determining whether or not the agent's bonus renders the loan usurious, the bonus is spread over the term of the loan.
A similar conclusion was reached in Montgomery Federal Savings Loan Ass'n. v. Baer (D.C. C.A. 1973), 308 A.2d 768, where the court was dealing with the spreading of "points" or loan fees. At308 A.2d 773, the court gave the rationale behind its decision:
 ". . . The payment of points by the borrower although paid in full the first year is in consideration of the lender making the full loan for the entire term and the borrower does not pay such a fee for the privilege of having the use of the money for only one year."
See also B.F. Saul Co., et al. v. West End Park North, Inc. (1968), 250 Md. 707, 246 A.2d 591, for further discussion reaching this conclusion.
As to those loans paid before maturity, the case law indicates that a voluntary prepayment would not render an otherwise legal loan usurious. *Page 71 
 ". . . a borrower's voluntary payment of a loan before maturity, made pursuant to a prepayment option in the contract, will not render the transaction usurious if the total interest received by the lender does not exceed the interest computed at the maximum lawful rate from the time the loan became available to the borrower to the absolute maturity date specified in the contract . . . ." 55 Am. Jur., Usury, sec. 48, p. 360.
See also French v. Mortgage Guarantee Co. (1940), 16 Cal. 2d 26,104 P.2d 655, and B. F. Saul Co., et al. v. West End Park North,Inc., supra.
III.
In conclusion it is my opinion that the loan fees you describe must be considered as interest for purposes of ch. 138, Stats. to the extent that they do not relate to identifiable expenses actually and in good faith incurred in relation to the particular transaction. This fee is to be spread over the entire contract term of the loan to determine the actual rate and a subsequent voluntary prepayment will not render an otherwise legal rate usurious. Since these fees are considered as interest for purposes of ch. 138, it should be noted that in cases of prepayment they must be rebated in accordance with sec. 138.05
(2), Stats., when the rate, including fees, exceeds 10 percent.
BCL:RAV