R. J. MCMAHON, Commissioner Office of the Commissioner of Savingsand Loan
You have requested my opinion on whether commitment fees constitute interest for purposes of sec. 138.05, Stats. You have described a situation in which a savings and loan association has adopted a policy of charging a commitment fee to a loan applicant to which the association is willing to make a loan and in which the amount of the commitment fee charged relates directly to the amount that the association is willing to lend. The commitment fee is usually between one percent and three percent of that amount. Upon payment of the required commitment fee, the savings and loan association agrees in writing to make a loan to the applicant in a specified amount, for a specified term, and at a specified interest rate, provided that certain specified conditions are met and the loan closed within a specified period of time. You have indicated that normally the associations require such loans to be closed within one month. *Page 29 
Section 138.05(1), Stats., provides in part as follows:
 Except as authorized by other statutes, no person shall, directly or indirectly, contract for, take or receive in money, goods or things in action, or in any other way, any greater sum or any greater value, for the loan or forbearance of money, goods or things in action, than:
 (a) At the rate of $12 upon $100 for one year computed upon the declining principal balance of the loan or forbearance
. . .
As noted in previous opinions to you, the broad statutory language of sec. 138.05, Stats., indicates the Legislature's intention to limit all devices for exacting compensation for a loan regardless of the form of the transaction. 65 Op. Att'y Gen. 67, 69 (1976) and OAG 116-79 (November 30, 1979). Those opinions discuss the types of charges which must be included in the computation of interest rates under sec. 138.05, Stats.
Although the Wisconsin Supreme Court has not dealt directly with the question posed by your request, it is clear that Wisconsin courts will look through the form of the agreement to the substance of the transaction to determine whether a loan or forbearance is usurious. State v. J. C. Penney Co.,48 Wis.2d 125, 179 N.W.2d 641 (1970); Randall v. Home Loan InvestmentCo., 244 Wis. 623, 12 N.W.2d 915 (1944); Friedman v. WisconsinAcceptance Corp., 192 Wis. 58, 210 N.W. 831 (1927). Courts in other jurisdictions have used a similar approach in analyzing cases of alleged usury and have generally held that payment of a bona fide commitment fee for an option to borrow money in the future does not render such fee a part of interest for purposes of usury statutes. Stedman v. Georgetown Sav. Loan Ass'n,575 S.W.2d 415 (Texas Civ. App. 1978); Financial Fed. Sav. L.Ass'n v. Burleigh House, Inc., 305 So.2d 59 (Fla.App. 1974),cert. discharged, 336 So.2d 1145, cert. denied, 429 U.S. 1042;Gonzales County Sav. Loan Assoc. v. Freeman, 534 S.W.2d 903
(Tex. 1976); D M Development Co. v. Sherwood Roberts,Inc., 93 Idaho 200, 457 P.2d 439 (1969).
In Gonzales, 534 S.W.2d at 906, the court stated:
 Labels put on particular charges are not controlling. A charge which is in fact compensation for the use, forbearance or detention *Page 30 
of money is, by definition, interest regardless of the label placed upon it by the lender. . . . On the other hand, a fee which commits the lender to make a loan at some future date does not fall within this definition. Instead, such a fee merely purchases an option which permits the borrower to enter into the loan in the future. . . . It entitles the borrower to a distinctly separate and additional consideration apart from the lending of money. Therefore, the lender may charge extra for this consideration without violating the usury laws.
The court in Financial, 305 So.2d at 62-63, observed:
 A commitment fee is not a charge for the use of money but rather a purchase of the right to secure a loan of money by a prospective borrower. In other words, it is a consideration for the lender's setting aside or earmarking funds which are committed to be loaned in the future.
(Footnote omitted.)
While it is my opinion that a bona fide commitment fee does not constitute interest for purposes of sec. 138.05, Stats., the mere designation of a charge imposed on a borrower as a "commitment fee" will not avoid a finding that such charge is a part of interest under sec. 138.05, Stats., if such fee is not bona fide in nature. Recognizing this, the court in the case of Altherr v.Wilshire Mortgage Corporation, 104 Ariz. 59, 448 P.2d 859 (1968), stated at 864:
 Under proper circumstances a reasonable commitment fee is undoubtedly legal, and is not interest. However . . . it can be used as a cloak for usury, under certain conditions.
 . . . The determination of its legality requires an ad hoc approach. Pertinent factors would be the tightness or looseness of money, the amount of the fee, the rates prevailing in the short-term money market where the lender might keep the funds while waiting for the borrower to call for the loans, etc. What would be a reasonable fee at one time might be unreasonable at another. Each case must necessarily require a decision on its own facts, and no case would be authority for another with slightly different circumstances.
 In re Feldman, 259 F. Supp. 218 (D. Conn. 1966), held that a "commitment fee" which reimbursed the lender for overhead *Page 31 
expenses incurred in connection with the loan was interest and inImperial Corp. of America v. Frenchman's Creek Corp., 453 F.2d 1338
(5th Cir. 1972), the court recognized that a "commitment fee" deducted from the initial disbursement of construction loan proceeds was interest. In the case of Arkansas S. L. Ass'n v.Mack Trucks of Ark., 263 Ark. 264, 566 S.W.2d 128 (1978), the court examined a commitment fee which was based on a percentage of the amount of the loan and which was charged at the same rate regardless of the type of loan. In finding that such a fee was interest, the court attached particular significance to the fact that such charge was imposed across the board and that the amount of the charge was based solely on the amount of the loan rather than on other factors which would affect the value of a true commitment.
In the recent case of Kissell Company v. Gressley, 591 F.2d 47
(9th Cir. 1979), the court noted that if a lender imposes charges in excess of the maximum permitted by law, there is a prima facie showing of usury which then requires the lender to prove that such charges are not interest but rather fees for services actually rendered or reasonable commitment fees. The court in Altherr, 448 P.2d at 864, similarly observed: "Once it appears, prima facie, that the legal maximum interest rate is exceeded — as here — the burden is on the receiver of the excess to show that it represents the reasonable value of services rendered."
Also see Kamrath v. Great Southwestern Trust Corp.,27 Ariz. App. 102, 551 P.2d 92 (1976). If it is the intention of the savings and loan associations to assess a commitment fee on all loans regardless of the specific facts of each transaction and without regard for the customer's need or desire for a bona fide commitment, it would appear unlikely that the lender could meet the burden of showing that the commitment fee represents the reasonable value of services rendered. In such a situation a court would be likely to find that such an across the board fee would be considered as a part of interest under sec. 138.05, Stats.
The factors set forth above from the Altherr and Arkansas cases are appropriate for the examination of commitment fees and their proper consideration under Wisconsin's usury law. In addition, a court may likely consider the relationship between the transaction's interest rate and the usury rate, the term of the commitment, the method of computing the commitment fee, past practice of the lender *Page 32 
as to the assessment of commitment fees and the nature of any conditions or contingencies in the commitment granted to the borrower. While it is not possible to set forth general rules which will easily classify the fees charged in particular cases, the examination of the factors in Altherr, Arkansas, and these additional factors to determine whether the customer, in fact, receives something of value apart from the loan or forbearance itself by reason of the commitment, should be helpful in determining whether the commitment fee is bona fide in nature and therefore not a part of the interest charge for purposes of the usury law.
I call your attention to Pub.L. No. 96-161, sec. 105 which was signed into law by the President on December 28, 1979. This federal law provides for federal preemption of state laws regarding interest rate ceilings under certain limited circumstances and will remain in effect until March 31, 1980, for real estate loans covered by the preemption. Although this law does not directly answer the question posed in your opinion request, it may under some circumstances, preempt the application of sec. 138.05, Stats., and thereby temporarily moot the question you have posed. You should also be aware that the Federal Home Loan Bank Board has issued temporary regulations implementing Pub.L. No. 96-161, sec. 105. These regulations appear at12 C.F.R. Part 590 and were also effective on December 28, 1979.
BCL:RAV